IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2002 Session

**PERRY MARCH v. LAWRENCE LEVINE, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 99P-1676     Frank G. Clement, Jr., Judge**

_____

**No. M2000-02955-COA-R3-CV - Filed March 17, 2003**

_____

JEFFREY F. STEWART, SP. J., dissenting.

The majority opinion meticulously sets forth the facts and timetable of events in this case.  I do not take exception to these findings.  Neither do I take lightly the conclusions reached after lengthy and serious consideration.  However, I must respectfully dissent from the result reached by the majority.

It seems the significant issue in this case is whether the trial judge properly allowed the Levines to amend their intervening petition to raise a separate or new cause of action, namely the issue of wrongful death.  The heart of the proposed opinion is directed to the abuse of discretion used by the trial judge in allowing the amendment.  The opinion also seems to raise the concern that by allowing the amendment the trial judge permitted the nature of the proceedings to turn from an in rem action to an inpersonam action.

In addressing the issue of whether or not the trial judge abused his discretion in permitting the Levines to amend their intervening petition I wish to make several points.

First, it appears the code section allowing for an absentee estate to be opened, TCA-30-3-101 et seq, allows the court to take proof at any time on whether the absentee is deceased.  It indicates the court may find a person is deceased and then transfer the case together with all documents and the absentee estate file to the probate court. Therefore, the issue of the absentee's status as living or dead is both proper and appropriate for the court to determine.  The initial proponent of the absentee estate was Perry March.  The intervening petition of the Levine's asserts that Perry March should not be allowed to be the conservator of Janet March's absentee estate because he may have been responsible for her death.  The Levines cited TCA -31-1-106 in support of their position. This statute would not permit Perry March to benefit from the death of Janet March if he in fact caused her death.  It appears the pleading reflects whether Janet March was dead and by whose hand she died was at issue from the very beginning.  There was no allegation any third person had caused her death.  The issue of whether she was living or dead seems to be an issue which makes the case more than just an in rem proceeding.  Rule 18 of the

Tennessee Rules of Civil Procedure seems to permit the joinder of all claims and issues arising from the same transaction to be included or joined in a law suit involving the same parties.

Second, the trial judge relied on the case of *Branch v. Warren,* 527 S.W.2d 89 (Tenn. App. 1975) which held that Rule 15.01 of Tennessee Rules of Civil Procedure needs no construction. It means precisely what it says, to wit: leave to amend shall be freely given. The majority opinion, which would reverse the trial judge, relies heavily on the case of *Merriman v. Smith,* 599 S.W.2d 548 (Tenn. App. 1979) which holds the trial judge to a different standard in exercising his or her discretion. These considerations include undue delay in filing, lack of notice, bad faith, repeated failures to cure deficiencies by previous amendments, undue prejudice, and futility.

The majority opinion relies heavily on the effects of undue delay, prejudice and the fact that a new cause of action is raised by the amendment. As to whether or not there is a undue delay in filing, the record seems abundantly clear the Levines placed the blame for their daughter's death at the feet of Perry March from the very beginning on November 6, 1996. Perry March made at least two claims for benefits out of her estate, which were dismissed, and yet he continued to fight the Levines at every turn for possession of certain properties belonging to his wife. The issue of whether he was entitled to anything would be based on whether he caused her death or not. It would appear during the thirty-one month period of time between the filing of the original petition and the request for amendment involves numerous efforts by the Levines to discover from Perry March his knowledge of what caused the death or disappearance of their daughter. This became so much so that the trial court entered a protective order prohibiting the Levines from inquiring into such matters in the discovery process. At one stage of the early proceedings, the right of the Levines to intervene on their behalf of their grandchildren was challenged. An appeal of their standing was made to this court and was not determined until this court rendered its opinion in March of 1999. That opinion determined that the Levines did in fact have standing to intervene on behalf of their grandchildren. It was within three months of that opinion being entered that the Levines amended their petition to raise the issue of wrongful death. This does not seem like an undue delay where the question of their standing or right to participate was at issue on appeal, and where the Levines right to discover what may have happened to their daughter was denied.

While the acrimonious relation of the parties is resplendent in these proceedings, the conduct of Perry March is central in this one respect: he had moved from Tennessee to Illinois to Mexico. These moves made him a difficult person to serve with pleadings. It is also apparent he was a difficult person for the court to control in order to get him to comply with its orders. It would appear there is no prejudice to him by the delay because much of the delay seemed to have been caused by his appeals and his refusal to submit to discovery or by requesting protective orders in the discovery process. It would appear since he entered into a settlement agreement with the conservator of the absentee estate which would allow him to receive monies out of the estate of Janet March personally the issue of whether he would be entitled to anything or not at all was and remains a central issue in this case so long as the determination of who caused the death of Janet March is at issue. Therefore, it does not appear to me there is any great prejudice caused to Perry March.

Certainly it is clear the question of whether Janet March is in fact dead and who or what caused her death are central issues for consideration in either an absentee estate case or a wrongful death case. The remedy is different in each case but the responsibility is the same. For the sake of judicial economy, it would seem logical to allow these cases to be combined since they revolve around the same facts. The record indicates the trial judge bifurcated the issues, but it does not indicate the conservator was removed as a party to the wrongful death action. The record seems to reflect the conservator was relieved of any responsibility to participate in the wrongful death part of the litigation in order to conserve the assets of Janet March. If the issue of the death of Janet March was litigated in the absentee estate separate from a wrongful death action the likelihood of inconsistent results would seem to be greater than if they are tried in the same litigation. The question of whether allowing the amendment causes a problem under Rule 15 of the Tennessee Rules of Civil Procedure on relation back in time. This issue seems to turn on the question of whether or not the amendment arose out of the conduct, transaction and occurrence set forth in the original complaint. The record indicates the facts alleged have not changed and therefore represent the same occurrence.

It would appear under TCA-30-3-201 that the definition of an absentee has not changed. An absentee is defined as "any resident of this state, or any person owning property herein, who disappears under circumstances indicating that (he/she) may have died, either naturally, accidentally, or <u>at the hand of another</u> (emphasis added), or may have disappeared as the result of mental derangement, amnesia or other mental cause." Therefore, by its definition this statute seems to allow a person to raise the question at least of whether a person has disappeared or died at the hand of another. This is something that clearly the Levines have attempted to do both in their original intervening petition and in their motion to amend. For the sake of judicial economy the issue of who caused the death of Janet March is at issue for one matter (the absentee estate) then what harm or prejudice could it be to allow the same issue to be resolved with the wrongful death action in only one proceeding, especially since the jurisdiction of the court to decide both issues is not questioned.

Thirdly, in further support of the trial judges position in this case, the *Merriman* case, *Id.*, makes a distinction between the standards to be applied if the motion to amend is pretrial or during the trial. In the *Merriman* case, the plaintiffs ask for leave to amend at the close of their proof. Great prejudice would have resulted because had the amendment been granted additional discovery would have been required at some great expense to all of the parties and would have resulted in a greater delay in the conclusion of the trial. A denial of the amendment under the *Merriman* facts certainly makes sense. In the case at hand, very little discovery had taken place and in fact the Levines were denied the right to make inquiry on this subject while appearing that all stages to be interested in knowing Mr. March's position on what happened to their daughter. Furthermore, the amendment was presented as previously noted within three months of determining their status to have proper standing in the case and certainly occurred at a stage sufficiently ahead of the trial date so as not to cause any prejudice.

Finally, the remaining issue is whether or not the default judgment entered as a sanction by the court for Perry March's failure to comply with discovery order should be sustained. The majority opinion would not permit the trial judge to consider Mr. March's conduct prior to the amendment in making his decision. I would disagree with the majority opinion on this issue. The trial judge must make a decision on sanctions based upon the new issue raised, the wrongful

3

death action, but in determining the futility of whether to proceed with further discovery requests, motions and orders should not be made in a vacuum. He should have a right to consider his course of dealing in the conduct with a party litigant up to that stage of the proceeding. In this case, it is fairly clear the trial court had difficulty in getting Mr. March to comply with its orders for a period of years. After the July 1999 amendment to permit a wrongful death cause of action, the parties continued to have difficulty in establishing discovery schedules. The record indicates Mr. March was noticed to two separate depositions, which he failed to attend. On one occasion, Mr. March through his attorney filed a motion for protective order. Subsequently, the parties agreed to a deposition date and Mr. March failed to attend that. As a result of Mr. March's failure to attend the December 1999 agreed upon deposition date, the court ordered Mr. March very specifically to notify the court and the parties of his willingness to attend a court ordered deposition of December 27 and 28 by December 17, 1999. Mr. March did not give notice to the court or the parties nor did he attend the court ordered deposition dates in December. The court also gave notice by the same order of a hearing scheduled for January 14, 2000 where the court would consider a motion for sanctions and default judgment filed by the Levines. Again, Mr. March failed to attend and default judgment was entered. While this sanction may be extreme, "it is appropriate where there has been a clear record of delay or contumacious conduct." *Shahrdar v. Global Housing, Inc.,* 983 S.W.2d 230 (Tenn. App. 1998) "when a trial court exercises its discretion in rendering a default as a sanction, its decision will be disturbed only upon a finding of abuse of discretion." *Shahrdar, Id.* I do not think it was inappropriate for the court to consider the past conduct of Mr. March in light of his conduct since the amendment was granted and that this was not an abuse of his discretion.

I would however remand the case back to the trial court. It would appear under TCA §30-3-102 the issue of death shall go to the court or jury as one of fact to be determined upon evidence. From the record in this case it appears no evidence of the death of Janet March was presented to the jury and the jury simply made a finding or award based upon damages. Therefore, I would remand the case to the presentation of facts to the jury to decide the issue of death.

Respectfully submitted,

_____
Jeffrey F. Stewart, SP.J.